UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

VINCENT PEDRO,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

NO. C14-909-RAJ-JPD

REPORT AND RECOMMENDATION

Plaintiff Vincent Pedro appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

At the time of the administrative hearing, Plaintiff was a 40-year-old man with one year of college education. Administrative Record ("AR") at 41, 191. His past work experience includes employment as a dishwasher, mortuary assistant, and landscaper. AR at 65-66, 180. Plaintiff was last gainfully employed in June 2010. AR at 180.

In December 2011, Plaintiff filed a claim for SSI payments. AR at 152-60. Plaintiff asserts that he is disabled due to manic depression, schizophrenia, bipolar disorder, anxiety, and a right hand injury. AR at 190.

The Commissioner denied Plaintiff's claim initially and on reconsideration. AR at 95-98, 102-05. Plaintiff requested a hearing, which took place on February 20, 2013. AR at 38-71. On March 11, 2013, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on his finding that Plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 19-33. After reviewing additional evidence, the Appeals Council denied Plaintiff's request for review. AR at 1-6. On June 19, 2014, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1, 3.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. EVALUATING DISABILITY

As the claimant, Mr. Pedro bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If he is, disability benefits are denied. If he is not, the

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On March 11, 2013, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since December 12, 2011, the application date.

2. The claimant's schizoaffective disorder; anxiety disorder; cognitive disorder not otherwise specified; alcohol dependence; cannabis abuse;

right index finger distal traumatic amputation; and right long finger tenosynovitis status post irrigation and debridement are severe.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

4. The claimant has the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), except he is limited to unskilled, repetitive, routine work. The claimant is right-hand dominant and has full use of the right hand except he is limited to frequent gripping and grasping with the right hand. He can have no more than occasional contact with supervisors and coworkers. He would be off task five percent of the time at work.

5. The claimant is unable to perform any past relevant work.

6. The claimant was born on XXXXX, 1972, and was 39 years old, which is defined as a younger individual age 18-49, on the date the application was filed.[2]

7. The claimant has at least a high school education and is able to communicate in English.

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

9. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since December 12, 2011, the date the application was filed.

AR at 21-33.

## VI. ISSUE ON APPEAL

The only issue on appeal is whether this case should be remanded for a finding of disability, or whether it should be remanded for further proceedings. Dkt. 18; Dkt. 19.

[2] The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

## VII. DISCUSSION

The parties agree that the ALJ's decision should be reversed, but disagree as to the proper remedy thereafter: Plaintiff argues that further administrative proceedings would be useless and he should be found disabled by this Court. The Commissioner argues that conflicting evidence in the record creates serious doubts about whether Plaintiff is indeed disabled, and thus a finding of disability is not appropriate.

When an ALJ's decision fails to provide legally sufficient reasons for rejecting evidence, then the reviewing court may consider whether a finding of disability is appropriate. *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). A finding of disability can be appropriate if the record is fully developed, such that no further proceedings would be useful, and if the evidence as a whole leaves no serious doubt that the claimant is indeed disabled. *Treichler*, 775 F.3d at 1101-02.

In this case, the parties agree that the ALJ erred in assessing the opinion co-authored by treating providers Lawrence McCann, LICSW, and Christine Curry, M.D., as well as the opinion of consultative examining psychologist David Mashburn, Ph.D.[3] The Court also

---

[3] The Commissioner devotes the majority of her brief to defending the ALJ's assessment of the evidence, without a clear indication of why she concedes that the ALJ erred. The only clue to the Commissioner's reasoning is in her suggestion (essentially unprompted by Plaintiff) that the ALJ should have performed a drug abuse and alcohol ("DA&A") analysis, given the ALJ's comments about Plaintiff's marijuana and alcohol use in connection with the McCann/Curry opinion. Dkt. 18 at 4. The Court's reading of the ALJ's decision does not support the Commissioner's view.

The ALJ referenced Plaintiff's marijuana and alcohol use not to suggest that his use caused or contributed to his symptoms, but to note inconsistencies in the McCann/Curry opinion. The opinion states that Plaintiff's marijuana use does not "seem to increase his psychiatric disability, and perhaps it benefits him in the ways he describes." AR at 558. The ALJ noted that, rather than confirm its potentially beneficial purposes, Mr. McCann's treatment notes instead recommended that Plaintiff discontinue his use of marijuana. *See* AR at 396; *see also* AR at 600 (another psychological opinion that Plaintiff should discontinue marijuana use). This evidence supports discounting the McCann/Curry opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (rejecting physician's opinion due to

agrees with Plaintiff that the record is fully developed, the concerns addressed *supra*, note 3, notwithstanding. But the Court cannot say that "the record as a whole is free from conflicts, ambiguities, or gaps," such that "the claimant's entitlement to benefits is clear under the applicable legal rules." *Treichler*, 775 F.3d at 1103-04.

For example, the ALJ discounted the credibility of Plaintiff's subjective complaints for a number of reasons (AR at 26-29), none of which are challenged by Plaintiff. *See* Dkt. 18 at 6 (noting that the ALJ's adverse credibility determination is not disputed by Plaintiff). As such, it is not clear that any errors related to the ALJ's assessment of the McCann/Curry opinion or the Mashburn opinion are harmful. As explained *supra*, note 3, at least some of the ALJ's reasons for discounting the McCann/Curry opinion are valid, and the ALJ also reasoned that because the McCann/Curry opinion and the Mashburn opinion indicate a reliance on Plaintiff's non-credible self-reporting, those opinions should be discounted. AR at 30-31. Because the Plaintiff does not dispute the ALJ's adverse credibility finding, and the opinions themselves reflect a reliance on Plaintiff's self-reported symptoms (AR at 538-42 (describing the scant records reviewed, quoting Plaintiff's descriptions of symptoms verbatim), 558 (quoting Plaintiff's statements verbatim)), the ALJ provided at least some legitimate reasons to discount

---

discrepancy or contradiction between opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province").

The ALJ also noted that although the McCann/Curry opinion states that Plaintiff "does not use alcohol" (AR at 558), the record showed that Plaintiff disclosed a week after the McCann/Curry letter was written that he did use alcohol on an ongoing basis. *See* AR at 473. Dr. Curry wrote, in response to his disclosure: "Clearly under-reported substance abuse could complicate his underlying psychiatric condition and resolving head injury." *Id*. This evidence supports discounting the McCann/Curry opinion, because it shows that the providers rendered their opinion without access to accurate information regarding Plaintiff's alcohol use. *See, e.g.*, *Oviatt v. Comm'r of Social Sec. Admin.*, 303 Fed. Appx. 519, 522 (9th Cir. Dec. 16, 2008).

While the ALJ is, of course, free to conduct a DA&A analysis on remand, the Court remains unconvinced that further proceedings are *necessary* in order to conduct such an analysis in the context of evaluating the McCann/Curry opinion.

the disputed opinions to some extent.[4] The ALJ also provided a number of other reasons as well, but the Court need not determine whether these reasons are specific and legitimate, given that the Commissioner concedes error in the ALJ's assessment.

The record does not unequivocally indicate that Plaintiff is disabled, in light of the ALJ's unchallenged credibility determination, the State agency psychological opinion (AR at 87-91), and the opinion of neuropsychological examiner Gina Formea, Ph.D. (AR at 592-601). Remand for a finding of disability would be therefore inappropriate.

Plaintiff argues that in the event that this case is remanded for additional proceedings, as the Court recommends, the ALJ be instructed on remand to consider whether Plaintiff is disabled before July 10, 2014, given that a subsequent decision of the Commissioner awarded him benefits beginning on that day. Dkt. 19 at 1-2.

The Commissioner argues that the relevant period at issue is the period between the protective filing date (December 12, 2011) and the ALJ's decision (March 11, 2013); she does not directly address Plaintiff's concern regarding the period at issue *on remand*. Dkt. 18 at 2, 7-8. The Commissioner's position regarding the relevant period before the ALJ on remand is inconsistent with her request for a de novo hearing: the ALJ on remand is not limited to considering only the period at issue in the first ALJ decision. *See* Hearings, Appeals and Litigation Law Manual I-2-8-18.A, *available at* http://ssa.gov/OP_Home/hallex/I-02/I-2-8-18.html (last visited March 5, 2015). As requested by Plaintiff, the ALJ on remand should be directed to consider the period between Plaintiff's protective filing date (December 12, 2011) and July 9, 2014.

---

[4] As noted *supra*, note 3, it is not clear on what basis the Commissioner believes that the ALJ erred in discounting the McCann/Curry and Mashburn opinions, given that her brief focuses more on why the ALJ properly discounted them. Dkt. 18 at 2-7.

VIII. CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **April 1, 2015**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 3, 2015**.

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 18th day of March, 2015.

James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge